UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LEANNE E. NAVA,
PETER S. MASON and
SHIRLEY A. MASON,

                              Plaintiffs,

v.                                                Civil Action No. _____

GC SERVICES LIMITED PARTNERSHIP,

                              Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Leanne E. Nava is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff Peter S. Mason, father of Plaintiff Leanne E. Nava, is a natural person residing in the County of Erie and State of New York.

6. Plaintiff Shirley A. Mason, mother of Plaintiff Leanne E. Nava, is a natural person residing in the County of Erie and State of New York.

7. Defendant GC Services Limited Partnership, (hereinafter "GC Services") is a foreign limited partnership organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8. Defendant regularly attempts to collect debts alleged to be due another.

9. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

10. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

11. That Plaintiff Leanne E. Nava incurred a credit card debt to Chase Bank. This debt will be referred to as "the subject debt."

12. That Plaintiffs Peter S. Mason and Shirley A. Mason are not legally responsible to pay the subject debt.

13. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

14. That Plaintiff Leanne E. Nava thereafter defaulted on the subject debt.

15. That upon information and belief, after Plaintiff Leanne E. Nava's default, Defendant GC Services was employed by Chase Bank to collect the subject debt.

16. That beginning in or about May of 2008, Defendant GC Services began calling Plaintiff Leanne E. Nava multiple times per day on both her home and cellular telephones in an attempt to collect on the subject debt.

17. That also beginning in or about May of 2008, Defendant GC Services began calling Plaintiffs Peter S. Mason and Shirley A. Mason at their home, multiple times per week in an attempt to collect on Plaintiff Nava's subject debt.

18. That during mulitple telephone conversations with Defendant GC Services, Plaintiffs Peter S. Mason and Shirley A. Mason informed Defendant GC Services that Plaintiff Nava did not reside with them and directed that Defendant stop calling their home.

19. That despite Plaintiffs Peter S. Mason and Shirley A. Mason's instructions and the fact that Defendant already possessed Plaintiff Nava's proper location information, Defendant GC Services continued to call the aforesaid Plaintiffs multiple times per week in an attempt to collect the subject debt.

20. That in or about May of 2008, Defendant called and spoke with Plaintiff Peter S. Mason by telephone. During said telephone conversation, Plaintiff Peter S. Mason again directed Defendant to stop calling his home to reach Plaintiff Nava. Defendant thereafter stated that he wanted Plaintiff Mason to pass a message along to Plaintiff Nava. Plaintiff Peter S. Mason stated that he was not willing to leave the message as requested. Defendant then stated, "She's your daughter, don't you see her all the time, like on holidays? Are you really trying to tell me you can't give her a message?"

21. That on or about May 15, 2008, Defendant called Plaintiff Nava's place of employment and spoke with one of Plaintiff's co-workers, Crystal Irvin. Defendant identified herself as "Debra Spath," and stated that she had "business with Leanne." When Ms. Irvin asked what that business was, Defendant nastily replied, "It's personal financial business and we've been trying to reach her." Upon being notified that Plaintiff Nava was not available, Defendant began questioning Ms. Irvin regarding Plaintiff Nava's employment information.

22. That on or about May of 2008, after the telephone call described in paragraph 21 herein, Defendant's employee, Debra Spath, once again called Plaintiff Nava's place of employment. On this occasion, Defendant spoke with Vicki Busch, Plaintiff Nava's assistant. Defendant told Ms. Busch that she was calling in regards to Plaintiff Nava's "personal business" and demanded to know what Plaintiff Nava's job title. Defendant thereafter became aggressive with their questioning at which point Ms. Busch told Defendant that personal telephone calls to work were not permitted. Defendant replied, "Don't tell me that," and hung up the telephone on Ms. Busch.

23. That immediately following the aforementioned telephone call, Defendant's employee, Debra Spath once again called Plaintiff Nava's place of employment. On this occasion, Defendant spoke with yet another co-worker of Plaintiff Nava's, Ashley Parlegreco. During said telephone call, Defendant again demanded to speak with Plaintiff Nava and became belligerent with Ms. Parlegreco. As a result, Ms. Parlegreco transferred the Defendant to Ms. Busch. Ms. Busch thereafter reiterated to Defendant that they was to stop calling Plaintiff Nava's place of employment as it was "wasting work time."

24. That in or about May of 2008, and after the aforementioned telephone calls, Defendant GC Services made two separate telephone calls to Plaintiff Nava's ex-husband, Hector Nava, at his home. Both of the aforesaid telephone calls were answered by Hector Nava's girlfriend, Julie Baltimore. During each of these telephone calls, Defendant stated that they were attempting to reach Plaintiff Nava regarding "personal business" and proceeded to ask Ms. Baltimore questions about Plaintiff Nava's employment title and job responsibilities. Mr. Nava informed Plaintiff Nava of the telephone call and advised her that Ms. Baltimore was extremely upset about the call.

25. That on or about May 28, 2008, Plaintiff Nava was confronted by a neighbor, whom she hardly knew. Said neighbor informed Plaintiff Nava that she had been by someone named "Bill Catlett", who asked her if she knew Nava, if she had seen her around, when was the last Nava had been seen, and if she knew where Nava worked. Said neighbor also stated that she was directed to leave a message with Plaintiff Nava to Mr. Catlett back.

26. Upon information and belief, the individual identifying himself as "Bill Catlett" was an employee of Defendant.

27. That at the time of the aforementioned telephone conversations with Julie Baltimore and Plaintiff's neighbor Defendant GC Services already possessed Plaintiff Nava's correct location information.

28. That on or about May 29, 2008, the Defendant's employee Bill Catlett called and spoke with Plaintiff Nava on her cellular telephone. During said telephone conversation, Mr. Catlett

stated that he was employed by Defendant, that the telephone call was being "monitored by Chase [Bank]," and demanded payment of the subject debt. Defendant also asked Plaintiff Nava if she owned any assets that could be sold in order to satisfy the debt, such as jewelry or automobiles. Plaintiff Nava explained that she could not afford payment, to which Defendant replied, "You mean Pete and Shirley won't help you?" Before concluding the call, Defendant told Plaintiff Nava that a lawsuit would be commenced against her unless she paid $2,500.00 to Defendant GC Services by Saturday, May 31, 2008, just two days from the date of the conversation.

29. That despite Defendant's aforementioned statements, GC Services did not possess the intent or authority to pursue legal action against Plaintiff Nava to collect on the subject debt.

30. That despite Defendant GC Service's representations to Plaintiff Nava, no legal action was commenced against her as threatened by Mr. Catlett.

31. That as a result of Defendant's acts Plaintiff Leanne E. Nava became embarrassed, upset, nervous, anxious and suffered from emotional distress.

32. That as a result of Defendant's acts Plaintiff Peter S. Mason became angry, anxious, nervous and suffered from emotional distress.

33. That as a result of Defendant's acts Plaintiff Shirley A. Mason became afraid, worried, upset and suffered from emotional distress.

## V. CAUSE OF ACTION

34. Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 33 above.

35. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C §1692b(2), 15 U.S.C §1692b(3), and 15 U.S.C. §1692c(b) by failing to limit their communications with Plaintiff Peter S. Mason, Plaintiff Shirley A. Mason, Julie Baltimore, Plaintiff Nava's neighbor and Plaintiff Nava's co-workers to obtaining location information for Plaintiff Leanne E. Nava, and by making said telephone calls despite the fact that they already possessed Plaintiff Nava's proper location information, and by disclosing Plaintiff Nava's debt to Vickie Busch.

   B. Defendant violated 15 U.S.C. §1692c(a)(1) and 15 U.S.C. §1692c(a)(3) by repeatedly placing telephone calls to Plaintiff Nava's place of employment despite having knowledge that such calls were not permitted and inconvenient to Plaintiff Nava.

   C. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse Plaintiff Leanne E. Nava by stating that a lawsuit would be commenced against her regarding the

subject debt unless she made a payment of $2,500.00 to Defendant GC Services by Saturday, May 31, 2008, and by referring to Plaintiff Nava's parents by their first names when discussing settlement of the subject debt, as said statement was made to intimidate said Plaintiff.

D. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly and continuously causing the telephones of Plaintiff Peter S. Mason, Plaintiff Shirley A. Mason and Plaintiff Leanne E. Nava to ring with the intent to annoy, abuse and harass the persons at the called telephone number.

E. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by using false, deceptive and misleading representations or means in an attempt to collect on the subject debt, by falsely representing to Plaintiff Nava that a lawsuit would be commenced against her if a payment of $2,500.00 was not made by Saturday May 31, 2008, and by falsely representing to Plaintiff Nava that her telephone call on May 29, 2008 was being "monitored by Chase."

F. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means in an attempt to collect on the subject debt by attempting to coerce payment from Plaintiff Nava by informing her she would be sued if $2,500.00 were not paid to Defendant within two days of the demand for payment, and by repeatedly and continuously contacting third parties despite already possessing Plaintiff's proper location information.

36. That as a result of Defendant's FDCPA violations Plaintiff Leanne E. Nava became embarrassed, upset, nervous, anxious and suffered from emotional distress.

37. That as a result of Defendant's FDCPA violations Plaintiff Peter S. Mason became angry, anxious, nervous and suffered from emotional distress.

38. That as a result of Defendant's violations Plaintiff Shirley A. Mason became afraid, worried, upset and suffered from emotional distress.

**WHEREFORE**, each of the Plaintiffs respectfully request that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for each Plaintiff pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that the Plaintiffs demand trial by jury in this action.

September 12, 2008

                                                                  s/Kenneth R. Hiller
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Frank J. Borgese, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiffs*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
       ajordan@kennethhiller.com
       fborgese@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFFS

Plaintiffs Leanne E. Nava, Peter S. Mason and Shirley A. Mason affirm that the following statements are true and correct under penalties of perjury:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: September 12, 2008

                                                              s/Leanne E. Nava
                                                              Leanne E. Nava


                                                              s/Peter S. Mason
                                                              Peter S. Mason


                                                              s/Shirley A. Mason
                                                              Shirley A. Mason